**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**DONALD L. BURGE**                                                    **PLAINTIFF**

**V.**                          **No. 3:25-CV-00130-LPR-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner**                                                        **DEFENDANT**

<u>**RECOMMENDED DISPOSITION**</u>

This Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

**I.    Background**

On March 2, 2022, Mr. Donald L. Burge filed an application for benefits due to history of stroke, seizures, a learning disability, and post-traumatic stress disorder. *Tr. 23, 86.*

Mr. Burge's claim was denied initially and upon reconsideration. At Mr. Burge's request, an Administrative Law Judge ("ALJ") held a hearing on May 29, 2024, and the ALJ heard testimony from Mr. Burge and a vocational expert ("VE"). *Tr. 23, 42-74.* The ALJ issued a decision on July 15, 2024, finding that Mr. Burge

1

was not disabled. *Tr. 23-34.* The Appeals Council denied Mr. Burge's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-5.*

Mr. Burge, who was forty-nine years old on the application date, has a high school education and no past relevant work. *Tr. 33.*

## II.    The ALJ's Decision[1]

The ALJ found that Mr. Burge had not engaged in substantial gainful activity since the application date of March 2, 2022.[2] *Tr. 25*. The ALJ also concluded that Mr. Burge had the following severe impairments: seizures, learning disability, brain injury via cerebrovascular accident, chest pains, migraines/headaches, spinal scoliosis, depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, and panic disorder. *Id*. However, the ALJ concluded that Mr. Burge did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 25-27.*

According to the ALJ, Mr. Burge had the residual functional capacity ("RFC") to perform work at the light exertional level, with the following

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g).

[2] For supplemental security income claims, the relevant time-period begins on the day the application was filed.

limitations: (1) no climbing ladders, ropes, or scaffolds; (2) no more than frequent climbing of ramps or stairs, stooping, and crouching; (3) no more than frequent reaching and handling with the bilateral upper extremities, due to the left side of the body being slightly smaller than the right and spinal scoliosis; (4) no exposure to unprotected heights, open, flames, dangerous machinery, and exposed electrical currents; (5) no concentrated exposure to bright lights, vibration, loud noises, and temperature extremes; (6) only simple instructions and tasks; (7) frequent interaction with supervisors, occasional interaction with coworkers, and less than occasionally interaction with the public and all of these communications are limited to a third-grade level of vocabulary and comprehension; (8) can maintain adequate concentration, persistence, and pace to remain on task for all work except assembly-line and production paced work tasks; and (9) can occasionally adapt to changes in workplace methods and routines. *Tr. 27-28*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Mr. Burge could perform, including inspector, laundry sorter, and small products assembler. *Tr. 33-34, 70-71*. Accordingly, the ALJ determined that Mr. Burge was not disabled. *Id*.

3

### III.    Discussion

#### A.    Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

#### B.    Mr. Burge's Arguments for Reversal

Mr. Burge contends that the Commissioner's decision is not supported by substantial evidence, because the ALJ: (1) failed to include all of his alleged limitations in the hypothetical posed to the VE, compromising the RFC; and (2) erred in how he evaluated Mr. Burge's subjective complaints. After carefully reviewing the record as a whole, I recommend affirming the Commissioner.

4

### C.    Analysis

### 1.  Hypothetical at Step Five

Mr. Burge alleges that the ALJ did not include all of his credible limitations in the hypothetical posed to the VE at step five, resulting in an RFC that did not fully incorporate his impairments.[3] Mr. Burge specifically asserts that the ALJ's hypothetical failed to capture his history of seizures, left hand and arm weakness, epilepsy, and mental impairments. *Doc. 8 at 5.*

Hypothetical questions need only include those impairment and limitations found credible by the ALJ. *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005). The ALJ concluded that seizures and mental conditions were severe impairments, indicating he considered their effects on Mr. Burge's functional abilities. *Tr. 25*. However, the ALJ recognized that Mr. Burge reported being seizure-free at appointments in April, June, July, and August 2023. *Tr. 754, 770, 846, 877*. Furthermore, Mr. Burge treated his seizures conservatively with medication. *Thomas v. Barnhart*, 130 Fed. Appx. 62, 63 (8th Cir. 2005) (noting that the need for only conservative treatment contradicts allegations of disabling

---

[3] A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

conditions). Additionally, he did not see his PCP for a full year, claiming he did not "have a need to." *Tr. 63-64*. The failure to seek regular and continuing treatment contradicts allegations of disability. See *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Grindley v. Kijakazi*, 9 F.4th 622 (8th Cir. 2021).

Neurological exams were often unremarkable. *Tr. 482, 540, 582, 600, 613, 621, 628, 634, 757, 826.* Clinical examinations showed that Mr. Burge ambulated without difficulty, had good balance and normal gait, and normal coordination. *Tr. 33, 531-541, 580-598. 600-610, 640, 757.* Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

The ALJ recognized that Mr. Burge had some left-side weakness but accounted for this in the hypothetical limiting Mr. Burge to light work. *Tr. 69-70*. The RFC also included a qualifier that the left side of Mr. Burge's body was smaller than the right; limited reaching and handling; and imposed seizure-related precautions, limiting exposure to unprotected heights, open flames, dangerous machinery, and exposed electrical currents. *Tr. 27, 69-70*. In all, the RFC was quite restrictive.

Likewise, the ALJ accounted for mental impairments in the hypothetical and RFC. The ALJ addressed the consultative examination findings of Dr. Vickie Caspall, Ph.D, who noted that Mr. Burge had appropriate appearance, cooperative attitude, and fluent and goal-directed speech. *Tr. 30, 557-564*. She indicated that

6

Mr. Burge did not pause or struggle with word find and answered questions without prompts. *Tr. 558.*

Although testing revealed that Mr. Burge had a full-scale IQ of only 59 and poor working memory, Dr. Caspall noted that the results may be unreliable because Mr. Burge did not claim to be intellectually impaired. In fact, Dr. Caspall noted that it was "difficult to form an opinion about whether [Mr. Burge] was attempting to appear impaired or if he was anxious." *Tr. 561*. According to Dr. Caspall, Mr. Burge had cognitive slowing, but no signs of difficulty with persistence with tasks during the interview. *Tr. 563*. Dr. Caspall also noted that Mr. Burge did not appear to have any problems with activities of daily living. For example, Mr. Burge could handle personal care, care of a pet, prepare meals, socialize, and shop in stores. *Tr. 281-284, 562*. Such daily activities undermine his claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). In fact, Mr. Burge even filled out his function report without assistance. *Tr. 561*.

Other than showing signs of depression and anxiety, clinical exams showed Mr. Burge often had normal speech, behavior, and thought content, with normal judgment, attention, and memory. *Tr. 483, 569-575. 640-657. 666-679. 757. 783-784, 795-808, 856-865, 872-877*. He did not require inpatient hospitalization, or

more aggressive mental health treatment. Again, his activities of daily living suggested that any mental difficulties would not preclude all work.

The ALJ also considered the state-agency medical experts' opinions. The psychological experts noted that Mr. Burge had mild-to-moderate mental function limitations, recommending only simple work. *Tr. 79-80, 90*. The ALJ incorporated some of the findings in the RFC and even limited Mr. Burge to third-grade vocabulary and comprehension. *Tr. 32*.

Mr. Burge's attorney asked the VE a hypothetical involving someone who would be off task 15-20% of the workday, and the VE testified that there were no jobs available with that limitation. *Tr. 71-72*. Mr. Burge relies on this testimony to claim he could not work. But Mr. Burge has not demonstrated that the attorney's hypothetical accurately reflected his limitations. Notably, no doctor said Mr. Burge would be off task that often; mental status exams were grossly normal; and Dr. Caspall did not report disabling mental impairments.  The ALJ was not required to adopt the attorney's limitations in the hypothetical or RFC.  An ALJ's RFC and hypothetical only needs to include all credible limitations the ALJ finds are established by the evidence. *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011).

The hypothetical reflected the limitations which the ALJ found to be credible and was supported by the medical evidence as a whole.

### 2. Subjective Complaints

Mr. Burge contends that the ALJ erred when evaluating his subjective complaints. Mr. Burge alleged that his seizures, learning disabilities, and left-side weakness rendered him unable to work. He claims the ALJ did not fully consider his allegations.

When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id.* (citations omitted).

The ALJ discussed many factors, such as Mr. Burge's ability to perform activities of daily living; his improvement with conservative treatment; and the relatively normal clinical examinations and objective imaging tests. *Tr. 27-31*. The ALJ also noted that Mr. Burge was resistant to taking medication for elevated blood pressure. *Id*. Considering all this, the ALJ found that Mr. Burge's complaints of disabling impairments were not entirely consistent with the record. *Tr. 28-29*.

Mr. Burge asserts that the ALJ failed to discuss the statements of friends and relatives, relying on *Smith v. Heckler*, 735 F.2d 312, 317 (8th Cir. 1984), which reiterated that an ALJ had a duty to discuss lay statements. However, in 2017, new regulations relieved the ALJ of the duty to articulate how opinions from non-medical sources, including friends and family, are considered. 20 C.F.R. §§ 416.920(d); 416.902(e). An ALJ is not required to discuss every shred of evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). As long as the ALJ's conclusions find support in the record, the Court will not disturb the decision.

The ALJ properly considered Mr. Burge's subjective complaints.

## IV.   Conclusion

The ALJ applied proper legal standards in evaluating Mr. Burge's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

Dated 19 February 2026.


_____
UNITED STATES MAGISTRATE JUDGE

10